# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**DONNIE SMITH II,**
**Claimant Below, Petitioner**

**FILED**
October 4, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 12-0011**  (BOR Appeal No. 2046151)
                    (Claim No. 2009093591)

**ALEX ENERGY, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Donnie Smith, II, by William B. Gerwig, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Alex Energy, Inc., by Sean Harter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 22, 2011, in which the Board affirmed a July 8, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 15, 2010, decision granting Mr. Smith an 8% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Smith alleged that he was attacked by his supervisor causing an injury to his neck and back. The claim was originally rejected but later held compensable for thoracic sprain, neck sprain, lumbosacral sprain, and back contusion. On April 19, 2010, Dr. Mukkamala concluded that Mr. Smith had the following impairments: 0% for back contusion, 0% for thoracic spine, 0% for cervical spine, and 8% impairment for lumbar spine. Dr. Mukkamala recommended an 8% whole person impairment for the compensable injury. On August 30, 2010, Dr. Guberman concluded that Mr. Smith had the following impairments: 8% for lumbar sprain, 5% for the cervical sprain, and 5% for the thoracic sprain. Dr. Guberman recommended an 18% whole person impairment for the compensable injury. On April 28, 2011, Dr. Condaras concluded that

1

Mr. Smith had the following impairments: 5% for lumbar spine, 0% for thoracic spine, and 0% for the cervical spine. Dr. Condaras recommended a 5% whole person impairment for the compensable injury.

The Office of Judges affirmed the claims administrator's decision, and held that Mr. Smith was not entitled to any additional permanent partial disability award over and above the 8% previously granted. On appeal, Alex Energy, Inc. maintains that the 8% permanent partial disability award is supported by the opinion of Dr. Mukkamala and Dr. Condaras, and that the only physician recommendation greater than 8% is Dr. Guberman's but his findings are inaccurate because he failed to adjust his impairment rating to account for preexisting conditions.

The Office of Judges relied on Dr. Mukkamala's finding that Mr. Smith has an 8% whole person impairment. The Office of Judges also relied on Dr. Condaras's findings that Dr. Guberman's recommendations are inaccurate because he failed to apportion for Mr. Smith's preexisting conditions that were obvious on the thoracic, cervical, and lumbar MRIs, and also erroneously used Table 75 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment,* (4th ed. 1993) in making his impairment recommendations. The Office of Judges noted that Dr. Condaras concluded that if Dr. Guberman would have appropriately apportioned for Mr. Smith's preexisting conditions, Dr. Guberman would have concluded that Mr. Smith had an 8% whole person impairment for the compensable injury, the same as Dr. Mukkamala recommended. Therefore, based on a weighing of the evidence, the Office of Judges held that Mr. Smith was not entitled to any additional permanent partial disability award over the 8% previously granted. The Board of Review reached the same reasoned conclusions in its decision of December 22, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   October 4, 2013**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

Chief Justice Brent D. Benjamin, Disqualified

2